UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TERRY WILSON & JOHNNIE JENKINS, ] | |
| ] | |
| Plaintiffs, ] | |
| ] | |
| vs. ] | CV-02-CO-00062-W |
| ] | |
| THE CITY of TUSCALOOSA, ALABAMA, ] | |
| ] | |
| Defendant(s). ] | |

ENTERED
AUG - 6 2004

## MEMORANDUM OF OPINION

I.   Introduction.

Plaintiffs, Terry Wilson ("Wilson") and Johnnie Jenkins ("Jenkins"), filed suit against the City of Tuscaloosa, Alabama ("City") asserting claims under 42 U.S.C. § 1983 for alleged violations of their constitutional right to equal protection and state law claims for negligence, nuisance, trespass, and assault and battery. [Third Am. Compl., Doc. # 1.] The plaintiffs, who are residents of the Royal Pines subdivision in Tuscaloosa, Alabama, aver that their property is prone to flooding and the plaintiffs experience surface water, mud, and debris on their property as a result.  Specifically, the

plaintiffs allege that the City of Tuscaloosa has performed corrective maintenance in predominately white neighborhoods that have experienced flooding but has ignored the plaintiffs' request because Royal Pines is predominately African-American.

Presently before the court is a motion for summary judgment, filed by the City on May 3, 2004. [Doc. # 97.] The issues have been briefed by the parties and are now ripe for decision. Upon due consideration, the motion for summary judgment is due to be granted.

II.   Facts.[1]

The Royal Pines subdivision was developed in the late 1970s by Georgie Porgie Corporation. [Dockery Dep. at 13.] Royal Pines is predominately African-American. [Wilson Dep. at 115; Jenkins Dep. at 67.] Wilson, a former resident of Royal Pines, purchased his home in 1980 and sold it in February 2000. [Wilson Dep. at 67, 80.] Jenkins bought a home in Royal Pines in 1983

---

[1] The facts set out below are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

and currently resides there. [Jenkins Dep. at 13.] During their depositions, Wilson and Jenkins both testified that they knew by 1985 that the flooding in their neighborhood was a permanent and recurring problem. [Wilson Dep. at 101-03; Jenkins Dep. at 70-72.]

The City asserts that it did not design or construct the original drainage system in Royal Pines. [Robinson Dep. at 21.] The City has performed work in the past on a ditch that is part of the Royal Pines' drainage system. [Wilson Dep. at 187-88; Jenkins Dep. at 115-16.] The plaintiffs filed a Notice of Claim with the City of Tuscaloosa on June 22, 2000, stating that the City had "failed to maintain the drainage and storm sewer system of the residents of Royal Pines Subdivision." [Def.'s Ex. G.] The plaintiffs alleged that they suffered injury to their real and personal property as a result of the flooding. [Def.'s Ex. G.] The plaintiffs brought suit against the City in this court on January 9, 2002. [Compl.]

II.     Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute

is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

III. Discussion.

    A. Plaintiffs' § 1983 Equal Protection Claim.

The plaintiffs contend that the City of Tuscaloosa racially discriminated against them by failing to provide the plaintiffs with certain municipal services. Specifically, the plaintiffs allege that the City performed corrective maintenance in predominately white neighborhoods that experienced flooding while ignoring complaints from the plaintiffs, who are African-American and reside in a predominately African-American neighborhood.

The plaintiffs assert that the City's inactions constitute a violation of their right to equal protection under the Fourteenth Amendment. In order to establish a denial of equal protection arising out of the City's alleged disparities in providing municipal services, the plaintiffs "must demonstrate both that the defendant[] deprived them of a right secured under the

Constitution or federal law and that the deprivation occurred under color of state law." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187-88 (11th Cir. 1999). Additionally, "to establish a violation of . . . the Equal Protection Clause of the Fourteenth Amendment . . . , [plaintiffs] must show that the City's decision or act had a discriminatory purpose and effect." *Id.* at 1188-89. The City argues in its motion for summary judgment that it has authority under Ala. Code § 11-50-50 (1975) to construct and maintain a drainage system but has no duty to exercise that authority. The court will treat the City's refrainment as a concession that it is acting under the color of state law. As such, the court need only address whether the City violated the Equal Protection Clause of the Fourteenth Amendment by declining to exercise its statutory authority.

The court is of the opinion that the plaintiffs have failed to show that the City's refusal to maintain the Royal Pines' drainage system was motivated by racial discrimination and resulted in a violation of their right to equal protection. The plaintiffs have submitted substantial evidence to the court as to the condition of their property. However, the plaintiffs have not come forward with evidence to support their contention that the City

undertook to correct drainage problems in white neighborhoods while declining to do so in African-American neighborhoods. Evidence of this nature is imperative to show that the City violated the Equal Protection Clause of the Fourteenth Amendment. As the plaintiffs were unable to come forth with such necessary evidence, they have not demonstrated that a discriminatory purpose was the motivating factor in the City's decision not to maintain the drainage system in their neighborhood. Therefore, the court is of the opinion that the plaintiffs' § 1983 claim for violation of the Equal Protection Clause of the Fourteenth Amendment is due to be dismissed.

B.  Plaintiffs' State Law Claims.

The plaintiffs have asserted claims against the City for negligence, nuisance, trespass, and assault and battery. Alabama Code § 11-47-23 (1975) provides:

> All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.

Both Wilson and Jenkins have testified that as early as 1985, they believed the flooding was a permanent and recurring problem. As the plaintiffs' state law claims arose from alleged torts committed by the City, the claims should have been presented within six months of the damage. The plaintiffs, however, did not file a claim with the City of Tuscaloosa until June 22, 2000. The plaintiffs' state law claims are therefore time-barred.

IV.  Conclusion.

The court is sympathetic to the plaintiffs' predicament regarding their neighborhood. However, the court is bound by the law. The City's motion for summary judgment is due to be granted in all respects.

Done, this ___6___ of August, 2004.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE